**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
UMG RECORDINGS, INC.,

                      Plaintiff,

            -against-

SELECT-O-HITS, INC., et al.,

                    Defendants.
------------------------------------------------------------X

02 Civ. 0043 (RMB) (THK)

**DECISION AND ORDER**

**I.**     **Background**

On or about January 12, 2005, United States Magistrate Judge Theodore H. Katz, to whom the question of damages in this proceeding had been referred, issued a Report and Recommendation ("Report"), recommending that Plaintiff UMG Recordings, Inc. ("Plaintiff" or "UMG") be awarded damages against Defendant Select-O-Hits, Inc. ("Defendant" or "Select") in the amount of $288,846.21, including "Select's profits in the amount of $4,486.75, punitive damages in the amount of $20,000.00, attorneys' fees in the amount of $241,835.36, and costs in the amount of $22,524.10." Report at 2-3.

The Report advised that "[p]ursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this report to file written objections." Id. at 34. Plaintiff submitted timely objections on or about January 25, 2005 ("Plaintiff's Objections"), to which Defendant responded on or about February 7, 2005 ("Defendant's Response"). Defendant also submitted objections on or about January 31, 2005 ("Defendant's Objections"). Plaintiff did not respond to Defendant's objections.

**II. Standard of Review**

The Court may adopt those portions of a Magistrate's report to which no objections have been made and which are not facially erroneous. Thomas v. Arn, 474 U.S. 140, 149 (1985); see also Santana v. Kuhlman, 232 F. Supp. 2d 154, 157-58 (S.D.N.Y. 2002). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989); DeLuca v. Lord, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994).

**III. Analysis**

Having conducted a de novo review of the Report, all objections to the Report, Defendant's Response to Plaintiff's Objections, the record, and applicable legal authorities, the Court finds that the legal and factual determinations made by Magistrate Judge Katz are supported by the record and the law in all respects. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). In their Objections, Plaintiff and Defendant raise substantially the same arguments that were raised before Magistrate Judge Katz and do not provide a basis for departing from the conclusions and recommendations contained in the report.[1]

**Plaintiff's Objections**

Plaintiff objects to Magistrate Judge Katz's assessment of $4,486.75 as profits earned by the Defendant, claiming that Defendant "did not incur $38,662.98 in costs it sought to deduct." Plaintiff's Objections ¶ 3. Defendant responds that "the issue raised in Plaintiff's Objection . . .

---

[1] As to any portion of the Report to which no objections have been made, the Court concludes that the Report is not clearly erroneous. See Pizarro, 776 F. Supp. at 817. Any Objections not specifically addressed in this Order have been considered de novo and rejected.

has already been addressed, and rejected, by both the Court (J. Berman) and Magistrate Judge Katz." Defendant's Response ¶ 2.

In determining the amount of damages, Magistrate Judge Katz considered, among other things, the trial affidavit of John Phillips, Vice President of Select, dated Aug. 11, 2003 ("Phillips Aff.") which stated "the total profits earned on all of the infringing albums, which can be attributed to defendant's infringing activity, was no more than $4,137.50." Report at 7. As Magistrate Judge Katz noted, "Plaintiff's counsel had an opportunity to cross-examine Phillips on those figures, but did not do so." Report at 8. Magistrate Judge Katz also referenced a letter from Plaintiff that stated "Plaintiff accepts Select's breakdown of cost and profits set forth in the trial affidavit by Johnny Philips (sic.)." Letter from Plaintiff to Magistrate Judge Katz of 6/9/04, ¶ 3.

Magistrate Judge Katz concluded that $4,137.50 was the correct damage award for Defendant's profits from ten of the eleven infringing albums, noting "although the profit figure of $4,137.50 is imprecise, its imprecision works to Defendant's disadvantage as well as Plaintiff's." Report at 11; see also Burndy Corp. v. Teledyne Industries, Inc., 748 F.2d 767, 771 (2d Cir. 1984) ("a court may engage in some degree of speculation in computing the *amount* of such damages") (emphasis original). Because no profit information was available for the album "DJ Kurious," Magistrate Judge Katz averaged the other albums' profits to estimate $349.25 as a "reasonable profit figure to attribute to the 'DJ Kurious' album." Report at 11-12. The amount of $4,486.75 ($4,137.50 in reported profits plus $349.25 in estimated profits) is, therefore, a suitable approximation of Defendant's total profits.

**Defendant's Objections**

Defendant objects to the award of attorneys' fees, arguing that it "remains excessive and unreasonable," particularly "[i]n a case such as this where the infringing releases were commercial failures." Defendant's Objections ¶¶ 2-3. Plaintiff did not respond to Defendant's Objections.

**Magistrate Judge Katz reviewed Plaintiff's request for attorney's fees using the "lodestar" method, in which "the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); see also City of Burlington v. Dague, 505 U.S. 557, 562 (1992) ("[w]e have established a 'strong presumption' that the lodestar represents the 'reasonable' fee"). As noted in the Report, "Defendant concedes that [Plaintiff's] hourly rates are not excessive and that they do not fall outside the acceptable range for intellectual property litigation attorneys in New York City." Report at 21. After examining all billing invoices and time records in great detail, Magistrate Judge Katz recommended "that Plaintiff's overall request for attorneys' fees be reduced by 20%," to correct "entries which reflect excessive time spent on various tasks." Report at 26-29; see also In re "Agent Orange" Prod. Liab. Litig., 818 F.2d 226, 237 (2d Cir. 1987) ("the district court has the authority to make across-the-board percentage cuts in hours"). Magistrate Judge Katz also noted that the facts of the case "demonstrate that this was not a simple and straightforward copyright case, and that Plaintiff's counsel was required to expend substantial time and effort in its prosecution." Report at 24. For this reason, the award of attorneys' fees in the amount of $241,835.36 was appropriate.**

## IV. Order

For the reasons stated herein and therein, the Court adopts the Report in its entirety. The Clerk of the Court is respectfully requested to enter judgment for Plaintiff against Defendant in the amount of $288,846.21 and to close this case.

Dated: New York, New York
      April 25, 2005

*RMB*
RICHARD M. BERMAN, U.S.D.J.